## THE CYGNET.

(District Court, N. D. New York. March 7, 1895.)

SHIPPING—TITLE TO VESSEL—NINETY-NINE YEARS' LEASE.
　　The lessor in a 99 years' lease of a pleasure yacht, which document the lessees have accepted in lieu of a bill of sale after paying full value, has no interest or title which the court can recognize.

This was a libel against the pleasure yacht Cygnet for mariner's wages.

Harvey L. Brown, for libelant.
Clinton & Clark, for claimant.

COXE, District Judge. This cause, for a comparatively unimportant one, abounds in unusual complications. The libelant has failed to prove the cause of action and the claimant has not proved a defense. This may seem paradoxical, but it is, nevertheless, true that the proof fails to sustain the cause of action alleged in the libel and does establish the fact that the claimant has no title to the libeled vessel. The Cygnet is a Canadian pleasure yacht. In the spring of 1894 she was lying at the port of Buffalo and was owned by Buffalo parties. The libelant alleges that he was employed by one Ewing to act as sailing master of the yacht at $50 per month. The proof shows that Ewing was neither owner of the yacht nor agent for the owners to make such a bargain. The testimony, documentary and oral, proves that at all the times in controversy the owners were Louis E. Levi and Alfred Schoelkopf. There is nothing to contradict this positive proof but rumor, hearsay and unfounded declarations. At the time of the alleged em-

ployment of the libelant as sailing master one of the owners of the yacht was in Europe and the other, from personal considerations, had no inclination to use her.   In short, neither owner had any intention of sailing the Cygnet during the season of 1894; both were anxious to sell her.   She had never had a sailing master, at least while Levi and Schoelkopf owned her, and she had absolutely no occasion for one in the spring and summer of 1894.   The oaths of Ewing and the two owners that the libelant was never employed as sailing master are thus corroborated by the fact that there was no occasion for such employment.   It is not pretended that either of the owners employed the libelant, and, even if Ewing made the alleged contract, it is clear that he had no authority to make it and could not bind the yacht.   On the other hand it is shown that Thomas McGraw, of Toronto, who claims to be "the true and bona fide owner of said yacht," has no interest in her whatever; at least the proofs fail to disclose any interest.   His only claim of title is as lessor under a 99 years' lease; the lessees, Levi and Schoelkopf, having paid full value for the yacht and having accepted this lease in lieu of a bill of sale.   It is hardly necessary to consider the nature of McGraw's interest in the Cygnet in August, 1992.   The court will take judicial knowledge of the fact that long before the lease falls in the yacht will have fallen apart and the claimant will have taken his last boat ride with Charon as "sailing master." Although the testimony does not establish the cause of action as alleged it does show that the owners authorized the employment of the libelant at $2 per day to clean the yacht and put her in order so that she could be shown to intending purchasers and sold to advantage.   The libelant says that it took him about 10 days to clean the yacht, but it is thought that the testimony of Ewing warrants the conclusion that libelant was employed in the above capacity and as keeper for at least 2 weeks.   He was paid $6.   This would leave a balance due him of $22.   The evidence of all interested parties is before the court, and it is thought that the most equitable disposition that can be made of the controversy is to give the libelant a decree for this amount, interest and costs. Should further proceedings be contemplated the owners should have leave to intervene and answer and the libelant should be permitted to amend if he is so advised.